IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 NOV -2  AM 10: 39

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | X | |
| Plaintiff, | X | |
| vs. | X | No. 91-20081(Tu)D |
| JAMES LEE LIGGINS, | X | |
| Defendant. | X | |

ORDER GRANTING MOTION TO AMEND
ORDER DENYING MOTION PURSUANT TO 18 U.S.C. § 3582
AND
ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT

On July 12, 2004, defendant James Lee Liggins, Bureau of Prisons registration number 12883-076, an inmate at the Federal Correctional Institution (FCI) in Memphis, filed a motion in his closed criminal case styled as a motion pursuant to 18 U.S.C. § 3582. On August 10, 2005, Liggins filed a motion to amend and amended motion. The motion to amend is GRANTED.

On March 27, 1991, a federal grand jury indicted Liggins in a three count indictment charging him with possession of .2 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)(count one); carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(count two); and possession of a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g)(count three). A jury convicted Liggins after a trial, and United States District Judge

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____

Jerome Turner entered a judgment and commitment order sentencing defendant to 240 months imprisonment on count one, 270 months imprisonment on count three, to be served concurrently with the sentence on count one to the extent possible, and sixty months imprisonment on count two, to be served consecutively to the sentences imposed on counts one and three. Judge Turner also imposed a three-year period of supervised release. The defendant filed a notice of appeal, and the Sixth Circuit summarily affirmed. United States v. Liggins, No. 92-5757, 1993 WL 140908 (6th Cir. Apr. 30, 1993), cert. denied, 510 U.S. 891 (1993).

On February 11, 1992, Liggins filed his first motion pursuant to 28 U.S.C. § 2255. The motion was denied as premature because his direct appeal was pending before the Sixth Circuit. United States v. Liggins, No. 92-2132-Tu (W.D. Tenn. Feb. 25, 1992). On April 14, 1997, Liggins filed his second § 2255 motion, which Judge Turner denied as meritless. United States v. Liggins, No. 97-2316-Tu/Bre (W.D. Tenn. July 30, 1997). Liggins filed a notice of appeal and the Sixth Circuit Court of Appeals denied his request for the issuance of a certificate of appealability. No. 97-6008 (6th Cir. Mar. 10, 1998). On August 24, 2000, Liggins filed a motion entitled "MOTION TO CORRECT OR MODIFY AN ILLEGAL SENTENCE NUNC PRO TUNC" alleging that Apprendi v. New Jersey, 530 U.S. 466 (2000), entitled him to relief. The motion was transferred to the Sixth Circuit as a successive motion to vacate under In re Sims, 111 F. 3d 45, 47 (6th Cir. 1997). United States v. Liggins, No. 00-2769-T (Sept. 28, 2001).

Liggins now contends that he is entitled be resentenced based upon the Supreme Court's decisions in United States v. Booker, 125 S. Ct. 738, 755-56 (Jan. 12, 2005) and Blakely v. Washington, 542 U.S. 296 (2004). New rules of constitutional criminal procedure are generally not applied to cases on collateral review. Teague v. Lane, 489 U.S. 288 (1989). Although the Supreme Court determined that its hold in Blakely applies to the Sentencing Guidelines, the Court also expressly stated that its holding must be applied to all cases on direct review. Booker, 125 S. Ct. at 769 (citing Griffith v. Kentucky, 479 U.S. 314, 328 (1987)("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")).

The Sixth Circuit determined in Humphress v. United States, 398 F.3d 855 (Feb. 25, 2005), that the rule of Booker does not fall within the second exception of Teague. Id. at 863 (noting that the Supreme Court has never held that a new rule of criminal procedure falls with the second exception of Teague). Thus, the Sixth Circuit concluded that the rule of Booker does not apply retroactively in collateral proceedings. Humphress, 398 F.3d at 860.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a federal sentence. Eighteen U.S.C. § 3582(c) governs modification of an imposed term of imprisonment and states as follows:

3

The Court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (I) extraordinary and compelling reasons warrant such a reduction;

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

None of the provisions of 18 U.S.C. § 3582(c) are applicable here. The Director of the BOP has not moved for a reduction of the defendant's sentence pursuant to § 3582(c)(1)(A). Neither Fed. R.

4

Crim. P. 35, nor any federal statute, authorizes the Court to modify Liggins' sentence pursuant to § 3582(c)(1)(B). Finally, the Sentencing Commission has not lowered the applicable Sentencing Range pursuant to 28 U.S.C. § 994(o), so as to bring this case within § 3582(c)(2).

For all the foregoing reasons, defendant's motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c) is DENIED. As Liggins motion has been considered and denied, his motion for judgment on the pleadings is DENIED as moot.

As no reasonable jurist could disagree that this court is without jurisdiction to modify defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 31 day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:91-CR-20081 was distributed by fax, mail, or direct printing on November 3, 2005 to the parties listed.

---

Terrell L. Harris
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT